24-2428-cr
*United States v. Massarone*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                  24-2428-cr

RESHMA MASSARONE,
AKA RESHMA BHOOPERSAUD,

> *Defendant-Appellant*.

---

FOR APPELLEE:                          JARED D. HOFFMAN (Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, Vermont.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 28, 2024, is **AFFIRMED**.

Defendant-Appellant Reshma Massarone appeals from the district court's judgment of conviction, following her guilty plea, to one count of conspiring to commit murder-for-hire, in violation of 18 U.S.C. § 1958. The district court sentenced Massarone principally to 114 months' incarceration, to be followed by three years' supervised release. Massarone's sole challenge on appeal is to the substantive reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the substantive reasonableness of a sentence under the deferential "abuse-of-discretion standard, taking into account the totality of the circumstances." *United States v. Rigas*, 583 F.3d 108, 121 (2d Cir. 2009) (internal quotation marks and citation omitted). Under that standard, "we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks and citation omitted). We do not "substitute our own judgment for the district court's on the question of what is sufficient to meet the [18 U.S.C.] § 3553(a) considerations in any particular case . . . [but] will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)

2

(emphasis in original) (internal quotation marks and citation omitted). Moreover, although there is no presumption that a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Here, we discern no abuse of discretion in the district court's imposition of the 114-month sentence, which was six months below the applicable Guidelines sentence.[1] In arriving at the sentence, the district court carefully considered and weighed the sentencing factors under 18 U.S.C. § 3553(a). More specifically, the district court relied heavily on the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of that offense, *see* 18 U.S.C. § 3553(a)(1) and (a)(2)(A), which involved a plan by Massarone to murder her brother-in-law (the "Victim") in 2023. Massarone took affirmative steps to implement that plan, including soliciting the Victim's bodyguard ("Individual-1"), who worked as a Guyanese law enforcement officer and pretended to be interested in advancing the plot, to arrange for a hitman. Massarone and Individual-1 agreed that the hitman would receive $10,000 for the murder, and Massarone subsequently wired $2,500 to Individual-1 as a downpayment. The district court emphasized that Massarone's conduct was "about as serious as it gets without there being actual violence" and, "if she had gotten her way, [the Victim] would be dead." App'x at

---

[1] The applicable Guidelines range would have been 168 to 210 months' imprisonment but for the ten-year statutory maximum on the count of conviction, which resulted in an advisory Guidelines sentence of 120 months' imprisonment. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

3

153. In addition, with respect to the defendant's history and characteristics, *see* 18 U.S.C. § 3553(a)(1), the district court expressed deep concern that, at some point during the discussions with Individual-1, Massarone was also contemplating the murder of another individual. *See* App'x at 155 ("One thing that's really bothering me is that [Massarone] wasn't finished when she thought she was going to kill [the Victim].").[2] The district court also considered the need to protect the public from further crimes by Massarone, *see* 18 U.S.C. § 3553(a)(2)(C), noting that "[t]he defendant has no record, but she certainly seemed to think it was okay to take a hit out on someone who crossed her and she was ready to do it again" and that there was "some concern in regard to protecting the public." App'x at 156–57. In short, we conclude that the § 3553(a) factors, upon which the district court relied to arrive at the 114-month sentence, "can bear the weight assigned [to them] under the totality of [the] circumstances," *Cavera*, 550 F.3d at 191, and that the sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Muzio*, 966 F.3d at 64.

In reaching this conclusion, we have considered Massarone's arguments and find them unpersuasive. For example, Massarone suggests that the district court did not sufficiently consider her mitigation argument regarding provocation by the Victim. We disagree. Indeed, the district court explicitly stated that it had "take[n] into account that, based at least on a

---

[2] Massarone asserts that, contrary to the district court's suggestion, "[t]here was no evidence that [Massarone] was targeting [the Victim's] daughter in a second hit." Appellant's Reply Br. at 4. However, there was evidence in the Presentence Report ("PSR"), to which Massarone did not object, that she discussed the murder of a next person with Indivdual-1, and Individual-1 responded that he would deal with one thing at a time. The PSR also notes that, in subsequent communications between Massarone and Individual-1, Massarone confirmed that she agreed with the plan to murder the Victim and noted that she may have other "jobs" for Individual-1. Thus, regardless of the identity of that potential additional victim, there was evidence to support the district court's finding that Massarone had referenced a potential additional murder.

preponderance of the evidence before [the court], the [V]ictim did undertake what sounds like a systematic campaign of making the defendant miserable." App'x at 153. However, in weighing this factor, the district court noted that Massarone's own antagonistic behavior contributed to the acrimonious relationship with the Victim and, in any event, she "decided to do something wildly disproportionate to the provocation." *Id*. at 154. Thus, the district court concluded that "the conduct of the [V]ictim . . . slightly mitigates, but not very much given how much more serious Ms. Massarone's conduct was compared to [the Victim's]" because "murder is not the answer." *Id*. at 154–55. Similarly, although Massarone was not entitled to a Guidelines reduction for acceptance of responsibility because of her minimization of her offense conduct during the plea allocution, the district court gave Massarone "some form of credit for saving the government and the Court the resources required for a trial." *Id*. at 157. The district court emphasized that the "credit" for pleading guilty was limited because, "[o]n the flip side, the fact that [Massarone] does not seem to have fully embraced her responsibility here militates against giving her the same kind of credit [the court] would give to someone who fully came to terms."[3] *Id*.

---

[3] We disagree with Massarone's suggestion that it is "undisputed" that the entire six-month variance was attributed by the district court to a "credit" for pleading guilty, and that the variance did not include consideration of the Victim's harassment of Massarone. Appellant's Br. at 14. The district court had already explicitly stated that it was "tak[ing] into account" the harassing behavior by the Victim. App'x at 153. Moreover, the district court stated that it "agree[d] with Probation that the appropriate sentence . . . [was] 114 months['] imprisonment," *id*. at 157–58, and the Probation Office, in its recommendation, referenced, *inter alia*, its consideration of the Victim harassing Massarone for years and Massarone's lack of any criminal history, and stated that the recommended sentence of 114 months' imprisonment has considered the above-noted combination of mitigating factors for a slight downward variance. Thus, based upon a review of entire sentencing transcript, there is no basis to conclude that the district court's sentence did not reflect consideration of the harassing behavior of the Victim as a mitigating factor.

In essence, Massarone asserts that the district court abused its discretion because it did not give sufficient weight to her decision to plead guilty and to the Victim's provocation of the criminal conduct by harassing Massarone, and that the variance below the applicable Guidelines sentence should have been more than six months based upon these mitigating factors. However, where, as here, "the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, we will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Guldi*, 141 F.4th 435, 450 (2d Cir. 2025) (internal quotation marks and citation omitted).

We also find unpersuasive Massarone's argument that her sentence was substantively unreasonable on the ground that it results in unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). Although Massarone cites several cases in which a defendant convicted of a murder-for-hire plot received a sentence that was substantially lower than 114 months' imprisonment, the mitigating factors present in those cases are distinguishable from the instant case. Nothing in our review of those cases suggests that the district court's 114-month sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 191.

In sum, we conclude that the sentence was substantively reasonable.

6

\*　　　　　\*　　　　　\*

We have considered Massarone's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7